RANDY S. GROSSMAN
United States Attorney
DAVID CHU (CA Bar No. 242046)
VALERIE H. CHU (CA Bar No. 241709)
MARK W. PLETCHER (CO Bar No. 034615)
MICHELLE L. WASSERMAN (CA Bar No. 254686)
Assistant U.S. Attorneys
880 Front Street, Room 6293
San Diego, California 92101
Telephone: (619) 546-9714

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DAVID NEWLAND, ET AL.,<br><br>Defendants. | No. 17-CR-0623-JLS<br><br>**RESPONSE BY THE UNITED STATES IN OPPOSITION TO DEFENDANT LOVELESS'S MOTION FOR ACQUITTAL** |

This Court should deny Defendant Loveless's motion for acquittal under Federal Rule of Criminal Procedure 29. Doc. 1006. Defendant Loveless previously made an extensive oral Rule 29 motion on May 23, 2022. Doc. 930. The United States briefed its opposition two days later on May 25, 2022. Doc. 939. After consideration of the parties' complete positions, the Court denied Defendant Loveless's Rule 29 motion. Doc. 949. Specifically, the Court ruled: "[T]he Court is persuaded that the evidence, when viewed in the light most favorable to the government, is sufficient to establish that Defendant Loveless violated his official duties in return for benefiting Leonard Francis by failing to report misconduct and 'looking the other way.'" May 26, 2022 Tr. 5:15–19. Moreover, although the jury could not come to a unanimous decision, at least some portion of the jury concluded that Defendant Loveless was guilty. Thus, the evidence presented in the case was sufficient so that "*any* rational

trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Roston*, 986 F.2d 1287, 1289 (9th Cir. 1993) (cleaned up). The Court should therefore deny Defendant Loveless's motion, as it had done so previously.

Though Defendant Loveless believes that a retrial would be unfair, Doc. 1006 at 9, long standing case law says otherwise. When a jury fails to agree on a verdict, the defendant may be retried. *Green v. United States*, 355 U.S. 184, 188 (1957).[1] Whether a defendant is retried after a jury fails to reach a verdict is a matter of prosecutorial discretion. *United States v. Bonam*, 772 F.2d 1449, 1450 (9th Cir. 1985). That discretion is subject to the limitation that the retrial must comport with the Speedy Trial Act and commence within 70 days from the date the action occasioning the retrial became final. 18 U.S.C. § 3161(e).[2] The United States may exercise its prosecutorial discretion and retry Defendant Loveless in the time permitted by statute.[3]

---

[1] Though Defendant Loveless cites to language in both *Green* and *Grady v. Corbin*, 495 U.S. 508 (1990), the Supreme Court in both cases was explaining the rationale for disallowing retrial in violation of the Double Jeopardy Clause. *See Green*, 355 U.S. at 187–88; *Grady*, 495 U.S. at 518. Here, because the jury failed to reach a verdict with respect to Defendant Loveless, jeopardy has not come to an end and retrial is permitted. *Green*, 355 U.S. at 188.

[2] Time is excluded for a post-trial motion only for the time that the motion is under advisement. *United States v. Tertrou*, 742 F.2d 538, 539 (9th Cir. 1984). Such time may not exceed 30 days. 18 U.S.C. § 3161(h)(1)(H). Here, Defendant Loveless filed the instant motion on July 12, 2022, and time must be excluded while the motion is under advisement, subject to a maximum of 30 days. In addition, other anticipated post-trial motions would also affect the time in which to commence retrial.

[3] The Court has denied the Defendants' various motions regarding prosecutorial misconduct, Doc. 1009, mooting Defendant Loveless's argument on this point, Doc. 1006 at 12. Defendant Loveless also points to supposed "burden shifting" that took place during rebuttal argument, where the prosecution pointed out that the Defendants could have called Leonard Francis and Jose Sanchez as witnesses. Doc. 1006 at 12 n.5. Yet the Defendants—including Defendant Loveless—repeatedly argued that the United States could have called these witnesses but did not. The prosecution was simply explaining that the Defendants could have done so as well, and such an argument is permitted under Ninth Circuit case law. *See United States v. Cabrera*, 201

**CONCLUSION**

The Court should deny Defendant Loveless's motion for acquittal.

DATED: July 19, 2022                                  Respectfully submitted,

                                                      RANDY S. GROSSMAN
                                                     United States Attorney

                                                   /s/ David Chu
                                                   Assistant United States Attorney

---

F.3d 1243, 1250 (9th Cir. 2000) ("A prosecutor's comment on a defendant's failure to call a witness does not shift the burden of proof, and is therefore permissible, so long as the prosecutor does not violate the defendant's Fifth Amendment rights by commenting on the defendant's failure to testify."); *United States v. Williams*, 990 F.2d 507, 510 (9th Cir. 1993) (holding that where defendant "opened the door" by arguing that prosecution failed to call a witness, prosecution properly argued that defendant could have subpoenaed that same witness). Indeed, Defendant Dolan anticipated this proper argument from the United States in closing. *See* June 6, 2022 PM Tr. 57:5–7 ("And maybe they'll say to you, well, the Defendants should have called him as a witness. Right? We should have called him.").