THOMAS P. O'BRIEN (SB# 166369)
tobrien@egcfirm.com
IVY A. WANG (SB# 224899)
iwang@egcfirm.com
ELLIS GEORGE CIPOLLONE O'BRIEN
ANNAGUEY LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone:  (310) 274-7100
Facsimile:  (310) 275-5697

DANIEL PRINCE (SB# 237112)
danielprince@paulhastings.com
NICOLE D. LUEDDEKE (SB# 300341)
nicolelueddeke@paulhastings.com
JOSEPH N. MONTOYA (SB# 322279)
josephmontoya@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendant
BRUCE LOVELESS

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 17-CR-0623-JLS |
| Plaintiff, | **DEFENDANT BRUCE LOVELESS'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT OF ACQUITTAL; EXHIBIT A IN SUPPORT THEREOF** |
| v. | |
| BRUCE LOVELESS (5) et al., | |
| Defendants. | |

1   Defendant BRUCE LOVELESS, through his counsel, Thomas P. O'Brien
2   and Ivy A. Wang of Ellis George Cipollone O'Brien Annaguey LLP, and Daniel
3   Prince, Nicole D. Lueddeke, and Joseph N. Montoya of Paul Hastings LLP, hereby
4   submits this reply brief in support of his motion for a judgment of acquittal on all
5   counts, elements, and overt acts under Fed. R. Crim. P. 29(c)(2) and all other
6   relevant authority.

7   ## I.   **INTRODUCTION**

8   The government's two-page opposition fails to identify for the Court—similar
9   to its failure to pinpoint for the jury after 15-weeks of evidence—a **single** piece of
10  evidence demonstrating that Mr. Loveless **agreed** to breach an official duty **in**
11  **exchange** for something of value.  That is because the government has no evidence
12  of quid pro quo here.  It never did, and it never will, as such evidence simply does
13  not exist.  This fundamental defect warrants a judgment of acquittal.

14  The government's strategy, made clear after five years of litigation and a very
15  lengthy jury trial, amounted to little more than a smear campaign against Mr.
16  Loveless in an attempt to distract the jurors from realizing that the government's
17  case was completely devoid of evidence of several required elements of the
18  charges.  Its opposition amounts to much of the same, refusing to focus on the lack
19  of evidence to support the claims and instead offering only arguments on the
20  standard for Rule 29 without any case law in support thereof.  This prosecution
21  cannot be allowed to proceed in the face of the government's lack of proof of these
22  elements beyond a reasonable doubt.  The Court should grant Mr. Loveless's
23  motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29(c)(2) and in the
24  interest of justice.

25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.    ARGUMENT

### A.    The Court's Prior Denial of a Mid-Trial Motion for Judgment of Acquittal Does Not Preclude the Relief Requested Here.

The government's opposition rests on the unfounded premise that a court's prior denial of a motion for a judgment of acquittal at the close of the government's case, under Rule 29(a), axiomatically dictates a denial of a motion for a judgment of acquittal after a jury fails to return a verdict, under Rule 29(c)(2).  This premise is clearly flawed and, tellingly, the government does not cite a single case in support of its position.

First, the government's construction would improperly render Rule 29(c)(2) a nullity in any case where the defendant has already moved for a judgment of acquittal at the end of the government's case under Rule 29(a)—a standard motion made in virtually every federal criminal case.  *Compare* Fed. R. Crim. P. 29(c)(1) ("[a] defendant may move for a judgment of acquittal, or *renew* such a motion . . . after the court discharges the jury") (emphasis added) *with* Fed. R. Crim. P. 29(c)(2) ("If the jury has failed to return a verdict, the court may enter a judgment of acquittal."); *see also United States v. Martin Linen Supply Co.*, 430 U.S. 564, 575 (1977) ("[T]he defendant's interest in [] protection [from deficient prosecutions] is essentially identical both before the jury is allowed to come to a verdict and after the jury is unable to reach a verdict."); *United States v. Byrne*, 203 F.3d 671, 675 (9th Cir. 2000), *cert. denied*, 459 U.S. 850 (Rule 29 does not prohibit a renewal of a motion for judgment of acquittal); *United States v. Black*, 525 F.2d 668, 669 (6th Cir. 1975) (defendant may renew his motion at the close of all the proof, at which point the court should consider the sufficiency of the record as a whole); *United States v. Green*, Case No. 12-CR-83S, 2018 WL 1081974, at *2 (W.D.N.Y. Feb. 28, 2018) ("A defendant may also renew a previously denied Rule 29 motion, so long as renewal occurs within 14 days after the guilty verdict or

discharge of the jury, whichever is later.").  Given that the Supreme Court did not limit Rule 29(c)(2) to instances where the defendant did not make an earlier (and necessarily unsuccessful) motion for judgment of acquittal, this Court undoubtedly has discretion to enter a judgment of acquittal after a jury fails to return a verdict, even if it did not choose to do so at the end of the government's case.

Second, a judgment of acquittal is tailor-made for cases in which the jury was deadlocked.  *See United States v. Brooks*, 349 F. Supp. 168, 170 (S.D.N.Y. 1972) ("A higher threshold of proof seems to be implied from a literal reading of Rule 29 of the Criminal Rules, which requires the Court to grant the motion for judgment of acquittal 'if the evidence is insufficient to sustain a conviction' [beyond a reasonable doubt].") (citing *Mortenson v. United States*, 322 U.S. 369, 374 (1944)). In *Brooks*, the court denied a defendant's motion for judgment of acquittal at the close of the government's case.  *See id.*  Thereafter, the jury deadlocked on all counts submitted to it.  *See id.*  Like here, the defendant in *Brooks* renewed his motion for judgment of acquittal, and following briefing and argument, the court granted the renewed motion and entered a judgment of acquittal as to all remaining counts.  *See id.* at 170, 179 (finding no substantial evidence in the record to support "the threshold issue" in the case—the existence of an agreement—that would support a conviction, and thus "no purpose [would] be served by a new trial").  *See also United States v. Bridges*, 820 F. Supp. 475 (W.D. Mo. 1993) (granting a defendant's motion for acquittal after the jury deadlocked).

Just as the defendants in *Brooks* and *Bridges* were acquitted under Rule 29(c)(2) after their respective juries hung, so too should Mr. Loveless.  In fact, the jury here had a wide and significant split on each count after deliberating for nearly three weeks.  That information was provided to the government following the July 21, 2022 status conference.  *See* Ex. A.

1   Further, the government's opposition failed to address the insufficiency of

2   the evidence in its opposition because it knows there is no such evidence—let alone

3   proof beyond a reasonable doubt—to support the central issue in this case: namely,

4   whether Mr. Loveless **agreed** to omit to perform any duty **in exchange** for the

5   receipt of a thing of value from Leonard Francis.  The evidence at trial, in fact, tells

6   the opposite story.  *See* Dkt. 1006 at 6-8 (no evidence that Mr. Francis ever asked

7   Mr. Loveless to do anything, or that Mr. Loveless ever did anything to benefit Mr.

8   Francis or GDMA).  The government does not offer a **single** piece of evidence to

9   refute Mr. Loveless's lengthy recitation of all of the facts demonstrating that he

10   **never agreed to** and **never knew** about any conspiracy or alleged bribery scheme.

11   Because the "threshold issue" has not been met, "no purpose [would] be

12   served by a new trial," and this Court should grant Mr. Loveless's motion.  *See also*

13   *United States v. Schuchmann*, 84 F.3d 752, 753 (5th Cir. 2007) ("Under Rule 29, a

14   trial judge 'has the duty to grant the motion for judgment of acquittal when the

15   evidence, viewed in the light most favorable to the government, is so scant that the

16   jury could only speculate as to the defendant's guilt."); *United States v. Frol*, 518

17   F.2d 1134, 1137 (8th Cir. 1975) ("In other words, a motion of acquittal must be

18   granted when the evidence, viewed in the light most favorable to the Government,

19   is such that a reasonably minded jury must have a reasonable doubt as to the

20   existence of any of the essential elements of the crime charged.").

21   **B.**   **That Some Jurors Voted for Conviction Does Not Mean There**

22   **Exists Sufficient Proof Upon Which a Reasonable Jury Could Find**

23   **Guilt Beyond a Reasonable Doubt.**

24   The government also argues that, because the jury deadlocked (*i.e.,* some

25   jurors voted to convict), that necessarily defeats the standard for a judgment of

26   acquittal by purportedly demonstrating that "any rational trier of fact could have

27   found the essential elements of the crime beyond a reasonable doubt." Dkt. 1013,

28

at 1-2.  The government again cites no case law to support this fanciful proposition, which is nonsensical given the plain language of Rule 29(c)(2).

Significantly, the relevant "trier of fact" in this case is a jury of twelve, not any individual juror.  The inclinations of an individual juror demonstrates nothing as far as what a rational **jury** would find.  Indeed, Rule 29(c) expressly anticipates that some or all jurors may reach an irrational verdict unsupported by the evidence and that judges have a duty to direct an acquittal when the government fails to meet its burden of producing sufficient evidence.  Fed. R. Crim. P. 29(c)(2); *see also United States v. Katakis*, 800 F.3d 1017, 1023 (9th Cir. 2015) ("evidence is insufficient to support a verdict where mere speculation, rather than reasonable inference, supports the government's case, or where there is a 'total failure of proof of a requisite element.'") (citations omitted); *United States v. Nevils*, 598 F.3d 1158, 1167 (9th Cir. 2010) ("no rational juror could conclude that the government proved its case beyond a reasonable doubt.") (*en banc*).

Rule 29(c)(2) explicitly empowers a court to exercise its discretion and grant a judgment of acquittal in light of the entire record, despite a previous denial of Rule 29(a) motion—even if all 12 jurors voted to convict.  That Rule 29(c)(2) also endorses a judgment of acquittal after jurors fail to reach a verdict necessarily means that a few or all of the jurors voting guilty is not sufficient, on its own, to show that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Given the failure of the government to meet its evidentiary burden and the totality of the circumstances in this case, including the immense amount of public resources expended and a record burdened with "flagrant misconduct," Dkt. 1009, July 18, 2022 Order, at 12:20-21, this Court should enter a judgment of acquittal in this case as to Mr. Loveless.

## III.   <u>CONCLUSION</u>

Despite many months of evidence and several weeks of deliberations

by 12 remarkably attentive and diligent jurors, the government failed to convince the jury to convict Mr. Loveless on a single count. A substantial number of jurors declined to vote guilty, and there is no reason to believe that any subsequent jury would do otherwise.

The evidence produced at trial decisively showed that Mr. Loveless proudly served this country in uniform, honorably and with distinction, for more than three decades. *See* Loveless Ex. 69. In fact, during the relevant time period, he was rated as a "BRILLIANT PERFORMER" and a "CLEAR CHOICE FOR FLAG," on whom senior Navy personnel relied for his "sound judgment and personal advice." *See id.* at 189. As the Court is aware, Mr. Loveless subsequently was promoted to Rear Admiral based on his distinguished service record.

Yet, the government has unfairly maligned Mr. Loveless for over five years, despite being aware that it never had a scrap of evidence to support the fundamental elements of its claims. In light of this dearth of evidence, and for the reasons set forth herein and in the above-referenced pleadings and submissions, Mr. Loveless respectfully requests that this Court enter a judgment of acquittal as to Count One (Conspiracy to Commit Bribery), Count Six (Bribery), and Count Thirteen (Conspiracy to Commit Honest Services Wire Fraud) against him.

1

2

DATED:  July 27, 2022

ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP

3

4

By:  */s/ Thomas P. O'Brien*
THOMAS P. O'BRIEN

5

6

7

8

9

10

THOMAS P. O'BRIEN
tobrien@egcfirm.com
IVY A. WANG
iwang@egcfirm.com
ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone:  (310) 274-7100
Facsimile:  (310) 275-5697

11

12

13

14

15

16

DANIEL PRINCE
danielprince@paulhastings.com
NICOLE D. LUEDDEKE
nicolelueddeke@paulhastings.com
JOSEPH N. MONTOYA
josephmontoya@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

17

Attorneys for Defendant
BRUCE LOVELESS

18

19

20

21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2        I hereby certify that on July 27, 2022, I caused service of the foregoing

3  document on all parties by electronically filing the foregoing with the Clerk of the

4  United States District Court for the Southern District of California using its

5  CM/ECF System, which will send notification to all counsel.

6        I declare under penalty of perjury that the foregoing is true and correct.

7

8  DATED:  July 27, 2022               ELLIS GEORGE CIPOLLONE

9                                   O'BRIEN ANNAGUEY LLP

10

11                               By:  */s/ Thomas P. O'Brien*
                                        THOMAS P. O'BRIEN

12                          THOMAS P. O'BRIEN

13                          tobrien@egcfirm.com
                          IVY A. WANG

14                          iwang@egcfirm.com
                          ELLIS GEORGE CIPOLLONE

15                          O'BRIEN ANNAGUEY LLP
                          2121 Avenue of the Stars, Suite 2800

16                          Los Angeles, California 90067
                          Telephone:  (310) 274-7100

17                          Facsimile:  (310) 275-5697

18                          DANIEL PRINCE
                          danielprince@paulhastings.com

19                          NICOLE D. LUEDDEKE
                          nicolelueddeke@paulhastings.com

20                          JOSEPH N. MONTOYA
                          josephmontoya@paulhastings.com

21                          PAUL HASTINGS LLP
                          515 South Flower Street, 25th Floor

22                          Los Angeles, California 90071
                          Telephone:  (213) 683-6000

23                          Facsimile:  (213) 627-0705

24                          Attorneys for Defendant
                          BRUCE LOVELESS

25

26

27

28

2083449.1

# EXHIBIT A

# EXHIBIT A

| | |
|---|---|
| **From:** | Thomas P. O"Brien |
| **To:** | Mark Pletcher; Michelle Wasserman; David Chu; Valerie Chu |
| **Cc:** | Prince, Daniel; Ivy A. Wang; Gardner, Jamie S. |
| **Subject:** | [EXT] Admiral Bruce Loveless |
| **Date:** | Monday, July 25, 2022 3:03:00 PM |

Counsel:

Pursuant to our discussion with the court last week as well as the government's request during the hearing, we are providing you with the jury split as reported to us in the three counts against Admiral Loveless:

Count 1 (Conspiracy): 8G, 4NG
Count 2 (Bribery): 7G, 5NG
Count 3 (Honest Services): 4G, 8NG

Please be advised we have had no direct contact with any of the jurors, so this information was provided to us by counsel for a co-defendant who spoke with several jurors.  It is my understanding that the above numbers were given to co-counsel by one of the jurors.  Another juror reportedly had a slightly different recollection of the split on the first count, but was not certain on his/her numbers.

As the court has directed your office to announce whether it intends to pursue a retrial within 30 days of last week's hearing, I calculate that date to be August 22.  Given the diverse and significant juror split on each count following four months of evidence and weeks of deliberations, along with the tremendous expenditure of everyone's resources thus far, including the court's, I respectfully urge the government not to retry our client, and to inform us of that decision at your earliest opportunity.  Thank you.

Tom

_____

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

_____